UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
...DIVISION
05 MAY -6 AM 9:27

LAURA A. ...
CLERK

| | |
|---|---|
| LUCIANO PISICOTTA and, DANIEL MILLS, On Behalf of Themselves and Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>OLD NATIONAL BANCORP, )<br>)<br>Defendant. ) | <br><br><br><br><br><br>CAUSE NO.<br><br><br>1:05-cv-0668-LJM-WTL |

## CLASS ACTION COMPLAINT FOR DAMAGES AND JURY DEMAND

The Plaintiffs, Luciano Pisciotta and Daniel Mills (hereinafter "Plaintiffs") by counsel, file this Complaint against Defendant, Old National Bancorp (hereinafter "Defendant"). In support of said Complaint, Plaintiffs allege as follows:

### STATEMENT OF THE CASE

1. Plaintiffs bring this class action against Defendant for negligence and breach of implied contract under Indiana and Illinois common law.

### JURISDICTION

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(d)(2)(A), because one or more of the putative class members reside in a state different from the Defendant and the Plaintiffs and putative class are seeking in excess of $5,000,000.00 in damages from the Defendant. Therefore, jurisdiction is proper in this Court.

## FACTUAL ALLEGATIONS

3.      Plaintiffs Pisciotta and Mills are citizens of the state of Indiana. Defendant is incorporated in the State of Indiana, its principal place of business is located in Indiana and it does business in Indiana and Illinois.

4.      Plaintiff Pisciotta opened his checking account on the Defendant's website, www.oldnational.com, in the early part of 2002. Plaintiff Mills applied for on-line banking services provided by the Defendant for his law firm's escrow account in 2004.

5.      Plaintiff Pisciotta closed his checking account with the Defendant two months after opening the account. Plaintiff Mills' escrow account remained open, but he never utilized the on-line banking services.

6.      Plaintiffs were notified by the Defendant that the Plaintiffs' confidential personal information including name, address, social security number, date of birth and mother's maiden name had been stolen, along with information from similarly situated customers in Indiana and Illinois.

7.      By failing to adequately protect this personal confidential information, Defendant caused Plaintiffs and other similarly situated customers to suffer substantial potential economic damages and emotional distress and worry that third parties will use their confidential personal information to cause them economic harm, or sell their confidential information to others who will in turn cause them economic harm.

## CLASS ACTION ALLEGATIONS

8.      The class of Defendant's customers, whose personal information was stolen are so numerous that joinder of all members is impracticable.

9.      There are questions of law and of fact common to the class of customers.

10. The claims of the Plaintiffs are typical of the claims of all the class members.

11. The putative class counsel are experienced in the area of class action and consumer/commercial litigation and will fairly and adequately protect the interests of the class.

12. The questions of law and facts are common to all members of the class and predominate over any questions effecting only individual class members.

13. A class of all Defendant's customers whose confidential personal information was stolen in the same circumstances is appropriate to be certified under Rule 23 (B)(3) of the Federal Rules of Civil Procedure.

## LEGAL THEORIES

### COUNT I
### NEGLIGENCE

14. Plaintiffs hereby incorporate by reference paragraphs 1-13 of Plaintiffs' Complaint.

15. The Defendant owed a duty to the Plaintiffs and other similarly situated customers to keep all financial and personal information confidential.

16. There is an implied duty, under Indiana and Illinois common law, that banks will keep their customers information confidential unless a public duty justifies disclosure.

17. The Defendant also assumed the duty to properly safeguard the Plaintiffs and other similarly situated customers' confidential personal information through its website and other written documents.

18. Under statute, including but not limited to 15 U.S.C.A. § 6801, the Defendant has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' confidential personal information.

19. Defendant breached this duty when it failed to safeguard the Plaintiffs and similarly situated customers' confidential personal information, by allowing the Defendants computer system to be compromised and confidential information to be stolen.

20. As a direct and proximate result of the negligence of the Defendant, the Plaintiffs and other similarly situated customers have incurred expenses in order to prevent their confidential personal information from being used and will continue to incur expenses in the future.

## COUNT II
## BREACH OF IMPLIED CONTRACT

21. Plaintiffs hereby incorporate by reference paragraphs 1 – 20 of Plaintiffs' Complaint.

22. Defendant entered into an implied contract with Plaintiffs and all similarly situated customers to protect the confidentiality of all personal information provided to the Defendant by the Plaintiffs and similarly situated customers.

23. Defendant breached this implied contract by failing to safeguard the Plaintiffs and the similarly situated customers' confidential personal information.

24. Under Indiana and Illinois law, a bank, such as the Defendant, impliedly contracts to not reveal customer's financial information unless a public duty arises.

25. By allowing Plaintiffs', and other customers similarly situated, confidential personal information to be stolen, the Defendants conduct constituted a breach of implied contract.

26. Plaintiffs and the similarly situated customers were injured by Defendant's breach of implied contract to keep all personal information confidential and suffered damages as above

alleged.

## REQUESTED RELIEF

WHEREFORE, the Plaintiffs respectfully requests that the Court certify a class as requested, and enter judgment in favor of the class and award the following relief:

a. Compensation for all economic and emotional damages suffered as a result of the Defendant's acts which were negligent or in breach of implied contract;

b. Pre- and post-judgment interest; and,

c. Any and all other legal and/or equitable relief to which Plaintiffs and similarly situated employees are entitled, including establishing an economic monitoring procedure to insure prompt notice to Plaintiffs of any attempt to use their confidential personal information stolen from the Defendant.

## VI.   DEMAND FOR TRIAL BY JURY

Comes now the Plaintiffs, Luciano Pisciotta and Daniel Mills, by counsel, and requests a trial by jury on all issues deemed so triable.

Respectfully submitted:

By _____
Henry J. Price, Bar No. 8522-49
William N. Riley, Bar No. 14941-49
Jana K. Strain, Bar No. 20677-49
Jamie R. Sweeney, Bar No. 25124-49

The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, Indiana 46204
Telephone: (317) 633-8787
Fax: (317) 633-8797