UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LUCIANO PISCIOTTA and, DANIEL MILLS, On Behalf of Themselves and Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:05-CV-0668-LJM-WTL |
| OLD NATIONAL BANCORP and NCR CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND JURY DEMAND

The Plaintiffs, Luciano Pisciotta and Daniel Mills (hereinafter "Plaintiffs"), by counsel,

file this Complaint against Defendants, Old National Bancorp and NCR Corporation.  In support

of said Complaint, Plaintiffs allege as follows:

### STATEMENT OF THE CASE

1.      Plaintiffs bring this class action against Defendants for negligence, breach of

implied contract and breach of contract under Indiana common law.

### JURISDICTION

2.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332(d)(2)(A),

because one or more of the putative class members reside in a state different from the Defendants

and the Plaintiffs and putative class are seeking in excess of $5,000,000.00 in damages from the

Defendants.  Therefore, jurisdiction is proper in this Court.

### FACTUAL ALLEGATIONS

3.       Plaintiffs Pisciotta and Mills are citizens of the State of Indiana.  Defendant Old

National Bancorp is incorporated in the State of Indiana, its principal place of business is located

in Indiana and it does business in Indiana.  Defendant NCR Corporation is incorporated in the

state of Maryland, with its principle place of business in Ohio.

4.      Plaintiff Pisciotta opened his checking account on the Defendant Old National

Bancorp's website, www.oldnational.com, in the early part of 2002.  Plaintiff Mills applied for

on-line banking services provided by the Defendant for his law firm's escrow account in 2004.

5.      Plaintiff Pisciotta closed his checking account with the Defendant Old National

Bancorp two months after opening the account.  Plaintiff Mills' escrow account remained open,

but he never utilized the on-line banking services.

6.      Plaintiffs were notified by the Defendant Old National Bancorp that the

Plaintiffs' confidential personal information including name, address, social security number,

date of birth and mother's maiden name had been stolen, along with information from similarly

situated customers in  Indiana, Illinois, Kentucky, Missouri, Ohio and Tennessee.

7.      By failing to adequately protect this personal confidential information,

Defendants caused Plaintiffs and other similarly situated past and present customers to suffer

substantial potential economic damages and emotional distress and worry that third parties will

use their confidential personal information to cause them economic harm, or sell their

confidential information to others who will in turn cause them economic harm.

<u>CLASS ACTION ALLEGATIONS</u>

8.      The class of Defendant Old National Bancorp's customers, whose personal

information was stolen is so numerous that joinder of all members is impracticable.

9.      There are questions of law and of fact common to the class of customers.

10.      The claims of the Plaintiffs are typical of the claims of all the class members.

11.      The putative class counsel are experienced in the area of class action and

consumer/commercial litigation and will fairly and adequately protect the interests of the class.

12.     The questions of law and fact are common to all members of the class and predominate over any questions affecting only individual class members.

13.     A class of all Defendant Old National Bancorp's past and present customers whose confidential personal information was stolen in the same circumstances is appropriate to be certified under Rule 23 (B)(3) of the Federal Rules of Civil Procedure.

## LEGAL THEORIES

### COUNT I
### NEGLIGENCE
### (Defendant Old National Bancorp and Defendant NCR Corporation)

14.     Plaintiffs hereby incorporate by reference paragraphs 1-13 of Plaintiffs' Complaint.

15.     Defendant Old National Bancorp owed a duty to the Plaintiffs and other similarly situated past and present customers to keep all financial and personal information confidential. Defendant NCR Corporation owed Plaintiffs and similarly situated past and present customers a duty of reasonable care in protecting their financial and personal information.

16.     There is an implied duty, under Indiana law, that banks will keep their customers information confidential unless a public duty justifies disclosure.

17.     Defendant Old National Bancorp also assumed the duty to properly safeguard the Plaintiffs and other similarly situated past and present customers' confidential personal information through Defendant Old National Bancorp's website and other written documents.

18.     Under statute, including but not limited to 15 U.S.C.A. § 6801, the Defendant Old National Bancorp has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' confidential personal information.

19.     Defendant Old National Bancorp breached this duty when it failed to safeguard the Plaintiffs and similarly situated past and present customers' confidential personal information, by allowing the Defendant's computer system to be compromised and confidential information to be stolen.  Defendant NCR Corporation breached the duty of reasonable care they owed to Plaintiffs and similarly situated past and present customers by employing substandard security measures while hosting Defendant Old National Bancorp's website.

20.     As a direct and proximate result of the negligence of the Defendants, the Plaintiffs and other similarly situated past and present customers have incurred expenses in order to prevent their confidential personal information from being used and will continue to incur expenses in the future.

## COUNT II
## BREACH OF IMPLIED CONTRACT
### (Defendant Old National Bancorp)

21.     Plaintiffs hereby incorporate by reference paragraphs 1 – 20 of Plaintiffs' Complaint.

22.     Defendant Old National Bancorp entered into an implied contract with Plaintiffs and all similarly situated past and present customers to protect the confidentiality of all personal information provided to the Defendant by the Plaintiffs and similarly situated past and present customers.

23.     Defendant Old National Bancorp breached this implied contract by failing to safeguard the Plaintiffs and the similarly situated past and present customers' confidential personal information.

24.     Under Indiana law, a bank, such as the Defendant Old National Bancorp, impliedly contracts to not reveal customer's financial information unless a public duty arises.

25.      By allowing Plaintiffs', and other past and present customers similarly situated,

confidential personal information to be stolen, the Defendant's conduct constituted a breach of implied contract.

26.     Plaintiffs and the similarly situated past and present customers were injured by Defendant Old National Bancorp's breach of implied contract to keep all personal information confidential and suffered damages as above alleged.

**COUNT II**
**BREACH OF CONTRACT**
**(Defendant NCR Corporation)**

27.     Plaintiffs hereby incorporate by reference paragraphs 1 – 26 of Plaintiffs' Complaint.

28.     Attached to this Complaint is a contract between Defendants Old National Bancorp and NCR Corporation.  (Exhibit A).

29.     Plaintiffs and the similarly situated past and present customers are the third party beneficiaries to this contract to the extent that the contract was meant to insure the security of the private information Plaintiffs had entrusted to Defendant Old National Bancorp.

30.     Defendant NCR Corporation breached the contract it had with Defendant Old National Bancorp by failing to provide adequate security for Defendant Old National Bancorp's website.

31.     Plaintiffs and the similarly situated past and present customers were injured by Defendant NCR Corporation's breach of contract.

**REQUESTED RELIEF**

WHEREFORE, the Plaintiffs respectfully request that the Court certify a class as requested, and enter judgment in favor of the class and award the following relief:

a.     Compensation for all economic and emotional damages suffered as a result of the

Defendants' acts which were negligent, in breach of implied contract or in breach

of contract;

b.    Pre- and post-judgment interest; and,

c.    Any and all other legal and/or equitable relief to which Plaintiffs and similarly

situated past and present customers are entitled, including establishing an

economic monitoring procedure to insure prompt notice to Plaintiffs and similarly

situated past and present customers of any attempt to use their confidential

personal information stolen from the Defendants.


## VI.    DEMAND FOR TRIAL BY JURY

Comes now the Plaintiffs, Luciano Pisciotta and Daniel Mills, by counsel, and requests a

trial by jury on all issues deemed so triable.


Respectfully submitted,


s/ William N. Riley
Henry J. Price, Atty No. 5822-49
William N. Riley, Atty. No. 14941-49
Jana K. Strain, Atty. No. 20677-49
Jamie R. Sweeney, Atty. No. 25124-49
Christopher A. Moeller, Atty. No. 25710-49
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
FAX: (317) 633-8797
Email: hprice@price-law.com
Email: wriley@price-law.com
Email: jstrain@price-law.com
Email: jsweeney@price-law.com
Email: cmoeller@price-law.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on January 17, 2006, a copy of the foregoing *Second Amended Complaint* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Marc T. Quigley
Mark J. R. Merkle
Greg A. Small
Angela Hamm
**KREIG DEVAULT LLP**
mquigley@kdlegal.com
mmerkle@kdlegal.com
gsmall@kdlegal.com

                        s/William N. Riley