UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCIANO PISCIOTTA and ) | |
| DANIEL MILLS, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 1:05-cv-668-LJM-WTL |
| ) | |
| OLD NATIONAL BANCORP, ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION

This matter is before the Court on Defendant's, Old National Bancorp ("ONB"), Motion for Judgment on the Pleadings. ONB claims that plaintiffs', Luciano Pisciotta ("Pisciotta") and Daniel Mills ("Mills") (collectively "Plaintiffs"), Complaint fails to state viable claims for negligence, negligent infliction of emotional distress, as well as breach of implied contract, and should be dismissed as a matter of law.[1]

For the following reasons, the Court **GRANTS** ONB's motion and **DISMISSES WITH PREJUDICE** Plaintiffs' claims.

---

[1] On June 23, 2006, the Court granted in its entirety, Defendant NCR Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), leaving ONB as the sole defendant in this action.

## II. BACKGROUND

Plaintiff Pisciotta opened a checking account on ONB's website, www.oldnational.com, in the early part of 2002. Comp., ¶ 4.[2] Plaintiff Mills applied for online banking services provided by ONB for his law firm's escrow account in 2004. *Id*. Plaintiffs were notified by ONB that Plaintiffs' confidential personal information, including names, addresses, social security numbers, dates of birth, and mothers' maiden names, had been stolen, along with information from similarly-situated customers in Indiana, Illinois, Kentucky, Missouri, Ohio, and Tennessee. *Id*., ¶ 6. Plaintiffs allege that by failing to adequately protect this personal confidential information, "Defendants caused Plaintiffs . . . to suffer substantial potential economic damages and emotional distress and worry that third parties will use their confidential personal information to cause them economic harm, or sell their confidential information to others who will in turn cause them economic harm." *Id*., ¶ 7.

## III. STANDARD

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard as a motion to dismiss under Rule 12. *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)). Therefore, viewing all of the facts in a light most favorable to the non-moving party, the Court may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir.1991). The Court may not look beyond the pleadings, and all uncontested allegations are to be taken as true. *Id*.

---

[2] For the purposes of this order, the Plaintiffs' Second Amended Complaint shall be referenced as "Complaint" and cited as "Comp."

## IV. DISCUSSION

### A. NEGLIGENCE

Regardless of its basis, every claim of negligence requires "an injury to the plaintiff proximately caused by the breach" of the alleged duty. *Estate of Heck v. Stoffer*, 786 N.E.2d 265, 268 (Ind. 2003). Plaintiffs' Complaint alleges that ONB's alleged failure to adequately protect Plaintiffs' personal confidential information caused Plaintiffs "to suffer substantial *potential* economic damages," and that "[a]s a direct and proximate result of the negligence of the Defendants, the Plaintiffs . . . have incurred expenses in order to prevent their confidential information from being used and will continue to incur expenses in the future." *Id.*, ¶¶ 7, 20 (emphasis added).

Plaintiffs' negligence claim against ONB fails as a matter of law because they have not alleged that ONB's conduct caused them cognizable injury. Under Indiana law, damages must be based upon probative evidence and not mere speculation, conjecture, or surmise. *Abbey Villas Dev. Corp. v. Site Contractors, Inc.*, 716 N.E.2d 91, 101 (Ind. Ct. App. 1999). Clearly, Plaintiffs' allegation that they suffered "substantial *potential* economic damages" is sheer speculation.

Further, recent case law from across the country has rejected the cost of credit monitoring as an alternative award for what would otherwise be speculative and unrecoverable damages. In *Hendricks v. DSW Shoe Warehouse Inc.*, 2006 WL 2092413 (W.D. Mich. July 26, 2006), an authorized third party hacked into DSW's computer network and accessed personal information of DSW customers, including credit card numbers, debit card numbers, checking account numbers, and drivers license numbers. *Id.* at *1. Plaintiffs alleged that they were forced to purchase credit monitoring to protect themselves from identity fraud and future damage. *Id.* Yet, plaintiffs did not claim that their personal information had been improperly used. The *Hendricks* court concluded that

the facts as alleged did not indicate that the plaintiff had her identity stolen or her personal information used to her detriment. In dismissing plaintiff's claims, the court stated, in pertinent part:

> Plaintiff is claiming as damages the costs of protecting herself against a risk that the stolen data will, in the future, be used to her detriment. If plaintiff's theory of damages is accepted, she is entitled to a recovery now in the form of expenses for monitoring her credit, as opposed to a recovery later, if and when she suffers actual harm in the event that she is held responsible for a fraudulent charge or her credit is adversely affected. She is, according to her theory, entitled to damages to buy peace of mind, or to help her determine when and if a claim accrues through actual loss. But Michigan law does not accept such a theory of recovery on the claims asserted by plaintiff.

*Id.* at *4. *See also Giordano v. Wachovia Securities, LLC*, 2006 WL 2177036, *4-5 (D. N.J. July 31, 2006); *Guin v. brazos Higher Ed. Service Corp.*, 2006 WL 288483, *6 (D. Minn. Feb. 7, 2006); *Stollenwerk v. Tri-West Healthcare Alliance*, 2005 WL 2465906 at *4-5 (D. Ariz. 2005) (all three cases rejecting plaintiff's argument that he or she was entitled to reimbursement for crediting monitoring services or for the time and money he or she spent monitoring his or her credit).[3]

The expenditure of money to monitor one's credit is not the result of any present injury, but rather the anticipation of future injury that has not yet materialized. *Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018, 1021 (D. Minn. 2006). Thus, the only injury as alleged in the complaint is solely the result of a perceived risk of future harm. *See id.* Again, under Indiana law, damages must be based upon probative evidence and not mere speculation, conjecture, or surmise. *Abbey Villas*, 716 N.E.2d at 101. To recognize Plaintiffs' fear of future harm as actual damages under Indiana law would be based upon nothing more than speculation and conjecture.

---

[3] Plaintiffs are of course correct that the cases relied upon by Defendants are not from this jurisdiction and do not construe Indiana law. However, this does not change the simple fact that Indiana law requires that damages be supported by probative evidence. The cases cited by Defendants are directly on point, and with the absence of controlling precedent to the contrary, the Court finds their reasoning persuasive.

## B.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Although not enumerated as a Count in the Complaint, Plaintiffs allege that ONB's negligence caused emotional distress to Plaintiffs.  *See* Comp., ¶ 7 ("[b]y failing to adequately protect [Plaintiffs'] personal confidential information . . . Plaintiffs . . . suffer[ed] . . . emotional distress and worry . . .").  However, negligent infliction of emotional distress is not an independent tort under Indiana law.  *Ryan v. Brown*, 827 N.E.2d 112, 118 (Ind. Ct. App.2005).  As the Court has dismissed the negligence claim against ONB, Plaintiffs' claim to damages for negligent infliction of emotional distress also fails.

## C.  BREACH OF IMPLIED CONTRACT

A claim for breach of contract requires proof of damages.  *Williams v. Lincoln Fed. Savings Bank*, 790 N.E.2d 1042, 1048 (Ind. Ct. App. 2003).  As the Court has concluded that Plaintiffs have failed to allege the essential element of cognizable damages in their Complaint, this Count fails as well.

## V. **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's, Old National Bancorp, Motion for Judgment on the Pleadings. Plaintiffs', Luciano Pisciotta and Daniel Mills, Motion for Class Certification is **DENIED AS MOOT**.

IT IS SO ORDERED this 19th day of September, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Jamie Ranah Kendall
PRICE WAICUKAUSKI & RILEY
jkendall@price-law.com

Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
cmoeller@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Jana K. Strain
PRICE WAICUKAUSKI & RILEY
jstrain@price-law.com

Angela L. Hamm
KRIEG DEVAULT
ahamm@kdlegal.com

Mark J. R. Merkle
KRIEG DEVAULT
mmerkle@kdlegal.com

Marc T. Quigley
KRIEG DEVAULT
mquigley@kdlegal.com

Jacqueline R. Sheridan
ULMER & BERNE LLP
jsheridan@ulmer.com

Greg A. Small
KRIEG DEVAULT
gs@kdlegal.com